IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIE STAMPER<br>*Plaintiff*,<br><br>v.<br><br>BLUEBONNET TRAILS COMMUNITY SERVICES and JONATHAN LEMUEL<br>*Defendant.* | §<br>§<br>§<br>§<br>§    CASE NO. 1:19-cv-749<br>§<br>§<br>§<br>§ |

## DEFENDANT BLUEBONNET TRAILS COMMUNITY SERVICES OPPOSED MOTION TO COMPEL ARBITRATION

Defendants Bluebonnet Trails Community Services and Jonathan Lemuel move this court to compel Plaintiff to arbitrate plaintiff's claims against Bluebonnet Trails and Lemuel and to dismiss or stay this litigation pending completion of arbitration.

## CERTIFICATE OF CONFERENCE

Counsel for Bluebonnet Trails and Lemuel conferred with counsel for Plaintiff regarding the relief sought by this motion. Plaintiff is opposed to the relief sought herein.

## INTRODUCTION

1. Federal Courts are required to enforce arbitration where an arbitration agreement, like the one between plaintiff and Bluebonnet Trails, contains broad language requiring the parties to arbitrate any dispute arising out of or relating to the agreement. As an employee of Bluebonnet Trails, sued for conduct allegedly in the scope of his employment, Lemuel is included in the parties Arbitration Agreement. Bluebonnet Trails and Lemuel ask the Court to compel Plaintiff to arbitrate all claims against Bluebonnet Trails and Lemuel.

## BACKGROUND

2. On October 27, 2014, Plaintiff, a former Bluebonnet Trails Employee, and Bluebonnet Trails entered into an at-will employment agreement which include a binding agreement for the parties to arbitrate all controversies or disputes between them. *See* Exhibit 1, At-Will Employment Agreement. The Agreement to arbitrate includes all claims, including claims against other Bluebonnet Trails employees, like Lemuel, and assigned to the arbitrator the determination of the scope of arbitration.

3. On July 25, 2019, Plaintiff filed the instant lawsuit, alleging Bluebonnet Trails is vicariously liable for co-Defendant Lemuel's torts, failed to provide a harassment free work environment, and discriminated and retaliated against Plaintiff on the basis of her sex and medical condition. *See* Plaintiff's Original Petition.

4. Under the parties' arbitration agreement, the parties previously agreed that any controversy or dispute between Plaintiff and Bluebonnet Trails *or any of Bluebonnet Trails employees* "arising from or in any way related to [Plaintiff's] employment by Bluebonnet Trails Community Services, or the termination thereof…be resolved by finding and binding arbitration," expressly including, but not limited to "any claim of employment discrimination" and "any state law or regulation of any sort or any other claim, whether contractual, common-law, or statutory…" *See* Ex. 1, at ¶3.1.

5. By her own pleading admissions, Plaintiff's claims against Bluebonnet Trails arise out of or are in connection with Plaintiff's employment by Bluebonnet Trails, including Bluebonnet Trails alleged failure to provide a harassment free workplace, and alleged employment discrimination and retaliation. Moreover, Plaintiff's claims against Lemuel arise out of incidents that purportedly took place while both Plaintiff and Lemuel were working at Bluebonnet Trails.

Thus, Plaintiff's claims against Bluebonnet Trails and Lemuel must be arbitrated, as the parties contractually agreed.

## ARGUMENTS & AUTHORITIES

### A. Standard of Review

6. A party seeking to compel arbitration must show that (1) there is a valid arbitration clause, and (2) the claims in dispute fall within the agreement's scope. *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 878 F.3d 488, 492 (5th Cir. 2017). The Court must decide these two questions pursuant to Texas law. *Mendez v. New Bell Gen. Servs., L.P.* 727 F. Supp. 2d 585, 589 (W.D. Tex. 2010).

7. The party opposing arbitration bears the burden of proving a defense to arbitration. *See Davis v. EGL Eagle Global Logistics LP*, 243 Fed. Appx. 39, 46 (5th Cir. 2007) (citing *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001). A court should not deny a motion to compel arbitration "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (quoting *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 338 (5th 1984) (internal quotations omitted)).

8. Once the court determines an arbitration agreement exists, the court must heed the strong federal policy favoring arbitration and resolve all ambiguities in favor of arbitration. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 1993). Moreover, the court must stay proceedings once it determines the dispute is subject to an arbitration agreement. *See In re Complaint of Hornbeck Offshore Corp.*, 981 F.2d 752, 754 (5th Cir. 1993).

Thus, Plaintiff's claims against Bluebonnet Trails and Lemuel must be arbitrated, as the parties contractually agreed.

## ARGUMENTS & AUTHORITIES

### A. Standard of Review

6. A party seeking to compel arbitration must show that (1) there is a valid arbitration clause, and (2) the claims in dispute fall within the agreement's scope. *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 878 F.3d 488, 492 (5th Cir. 2017). The Court must decide these two questions pursuant to Texas law. *Mendez v. New Bell Gen. Servs., L.P.* 727 F. Supp. 2d 585, 589 (W.D. Tex. 2010).

7. The party opposing arbitration bears the burden of proving a defense to arbitration. *See Davis v. EGL Eagle Global Logistics LP*, 243 Fed. Appx. 39, 46 (5th Cir. 2007) (citing *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001). A court should not deny a motion to compel arbitration "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (quoting *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 338 (5th 1984) (internal quotations omitted)).

8. Once the court determines an arbitration agreement exists, the court must heed the strong federal policy favoring arbitration and resolve all ambiguities in favor of arbitration. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 1993). Moreover, the court must stay proceedings once it determines the dispute is subject to an arbitration agreement. *See In re Complaint of Hornbeck Offshore Corp.*, 981 F.2d 752, 754 (5th Cir. 1993).

**B.     The Valid Arbitration Agreement**

9.     A valid arbitration agreement exists. Compare, *Hill*, 367 F.3d 426 at 429. In order to determine whether an agreement to arbitrate is contractually valid, courts apply ordinary contract principles. *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). "[M]utual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement." *Lizalde v. Vista Quality Mkts.*, 746 F.3d 222, 225 (5th Cir. 2014) (quoting *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010) (internal quotations omitted)).

10.    In the instant case, the mutual agreement to arbitrate claims, is an enforceable agreement between Plaintiff and Defendant as the parties mutually agreed to arbitrate their disputes. *See* Exhibit 1.

**C.     Plaintiff's Claims are Within the Scope of the Binding Arbitration Employment Agreement**

11.    Once the movant establishes the existence of an arbitration agreement, the court must determine whether the arbitration agreement covers the nonmovant's claims. *Hill*, 367 F.3d 426 at 429. Whether a dispute falls within the scope of an arbitration agreement is a question of law for the court to decide. *Mendez*, 727 F. Supp. 2d at 589.

12.    All of Plaintiff's claims are subject to arbitration because all arise out of conduct, expressly enumerated in the parties agreement to arbitrate. As discussed *supra*, the parties agreed that *any* controversy or dispute between Plaintiff and Bluebonnet Trails or any of Bluebonnet Trails employees "arising from or in any way related to [Plaintiff's] employment by Bluebonnet Trails Community Services, or the termination thereof…be resolved by finding and binding arbitration," expressly including, but not limited to "any claim of employment discrimination" and "any state law or regulation of any sort or any other claim, whether contractual, common-law, or statutory…" *See* Exhibit 1, ¶3.1.

13.     The presumption that the dispute falls within the arbitration agreement is even more applicable when, as here, the parties include a broad arbitration clause. *Jewish Fedn. Of Greater New Orleans v. Fid & Deposit Co. of Md.*, 2001 U.S. App. LEXIS 30182 at *3-4 (5th Cir. Aug. 29, 2001).

14.     Plaintiff's claims against both Bluebonnet Trails and Lemuel are expressly included as claims subject to arbitration under the arbitration agreement.  Therefore, this Court should compel Plaintiff to arbitrate his claims against Bluebonnet Trails and Lemuel in accord with her contractual agreement to do so and dismiss or stay this litigation pending completion of arbitration.

## **PRAYER**

For these reasons, Defendant Bluebonnet Trails Community Services and Jonathan Lemuel request this Court enter an order compelling Plaintiff to arbitrate her claims against Defendants, and dismiss this action or stay all proceedings pending the conclusion of arbitration.

Respectfully submitted,

By: /s/ *William S. Helfand*
    WILLIAM S. HELFAND
    Attorney-in-charge
    SBOT: 09388250

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (fax)
ATTORNEYS FOR DEFENDANTS
Bluebonnet Trails Community Services
and Jonathan Lemuel

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 22nd day of August, 2019.

John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013115
Michael W. Balcezak
State Bar No. 24012236
Michael@jfmeltonlaw.com

    /s/ *William S. Helfand*